IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONATHAN WHITE, | CASE NO. CV-F-05-0833 AWI WMW HC |
| Petitioner, | |
| | ORDER RE UNEXHAUSTED CLAIM |
| vs. | |
| DAVID RUNNELS, WARDEN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Petitioner states in his petition that his ineffective assistance of counsel claim is not exhausted and is now being reviewed by the lower courts. The court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose v. Lundy, 455 U.S. 509, 521-22, 102 S.Ct. 1198, 1205 (1982); Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988)   Because this is a mixed petition, containing both exhausted and unexhausted claims, the

1 | court must dismiss it.

2 | Accordingly, IT IS HEREBY ORDERED as follows:

3 | Petitioner is GRANTED thirty (30) days from the date of service of this order to inform the court whether he seeks to withdraw the unexhausted claims and proceed with those that are exhausted *or* withdraw the entire petition and return to state court to exhaust those claims that are unexhausted. The court will delay ruling on the pending motion to stay the petition in order to allow Petitioner to consider his alternatives.

IT IS SO ORDERED.

**Dated:  August 30, 2006**          /s/  **William M. Wunderlich**
bl0dc4                               UNITED STATES MAGISTRATE JUDGE

2