IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JONATHAN WHITE,<br><br>Petitioner,<br><br>vs.<br><br>DAVID RUNNELS, WARDEN,<br><br>Respondent.<br>_____/ | CASE NO. CV-F-05-0833 AWI WMW HC<br><br>ORDER DENYING MOTION FOR STAY<br>[Doc. 12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Petitioner states in his petition that his ineffective assistance of counsel claim is not exhausted and is now being reviewed by the lower courts. The court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose v. Lundy, 455 U.S. 509, 521-22, 102 S.Ct. 1198, 1205 (1982); Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988)   Because  this is a mixed petition, containing both exhausted and unexhausted claims, the

1

court must dismiss it.

Accordingly, on August 30, 2006, this court granted Petitioner thirty days to inform the court whether he seeks to withdraw the unexhausted claims and proceed with those that are exhausted *or* withdraw the entire petition and return to state court to exhaust those claims that are unexhausted. Petitioner did not respond to the court's order. Instead, on September 15, 2006, Petitioner filed a motion to hold this case in abeyance while he exhausts his additional claims in state court.

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). As this court previously informed Petitioner, it cannot consider his petition on the merits because it contains both exhausted and unexhausted claims. Here, the Court cannot consider Petitioner's request for stay because the petition currently pending before this Court contains two unexhausted claims. In the prior order, Petitioner was given the option of withdrawing the unexhausted claims, and proceeding with the exhausted ones. However, Petitioner has not exercised his option to withdraw the unexhausted claims. Accordingly, as the petition contains unexhausted claims, Petitioner's request for stay must be DENIED WITHOUT PREJUDICE.

However, Petitioner is advised that if he withdraws the unexhausted claims, he may renew his request for stay. Once the petition contains only exhausted claims, the court will be able to consider a request for stay. See Ford v. Hubbard, 2002 WL 31001146, *4-5, (9th Cir. 2002) In other words, Petitioner must first *withdraw* his unexhausted claims, and then renew his request to stay the petition pending exhaustion at the state level. Failure to withdraw the unexhausted claims will result in the dismissal of this entire petition.

IT IS SO ORDERED.

**Dated:   November 30, 2006**          /s/  **William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE