IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **ROBERT JONATHAN WHITE,** | ) | 1:05 CV 0833 LJO WMW HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) ) | |
| **DAVID RUNNELS,** | ) ) | |
| Respondent. | ) ) ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On August 30, 2006, the court entered an order explaining to Petitioner that he could not proceed on this mixed petition containing both exhausted and unexhausted claims. The court explained Petitioner's options to him, and granted Petitioner thirty days to inform the court how he wished to proceed.

On November 30, 2006, the court entered an order denying Petitioner's motion, filed September 15, 2006, to hold this case in abeyance while he exhausted his additional claims in state court. Specifically, the court denied Petitioner's request for a stay without prejudice because the petition contained unexhausted claims. The court informed Petitioner as follows:

> However, Petitioner is advised that if he withdraws the unexhausted claims, he may renew his request for stay. Once the petition contains only exhausted claims, the court will be able to consider a request for stay. See Ford v. Hubbard, 2002 WL 31001146, *4-5, (9th Cir. 2002) In other words, Petitioner must first *withdraw* his unexhausted claims, and then renew his request to stay the petition pending exhaustion at the state level. Failure to withdraw the unexhausted claims will result in the dismissal of this entire petition.

On December 21, 2006, Petitioner made a motion to "renew" his request for a stay. On January 3, 2007, the court entered an order denying Petitioner's motion, holding in part as follows:

> Petitioner states in part, "Petitioner has 'Withdrawn' his unexhausted claims from his June 20, 2005 Filed Habeas Corpus Petition." He explains that he seeks a stay in this action in order to exhaust his unexhausted claims and file a second amended petition in this court.
> Contrary to what he claims in his motion, Petitioner has not withdrawn his unexhausted claims. Petitioner, in fact, has filed nothing with this court since the court entered its previous order on November 30, 2006. Petitioner's petition therefore still contains unexhausted claims and this court cannot stay the action. Accordingly, Petitioner's motion to renew his request for a stay of this action is HEREBY DENIED.

Petitioner has failed to withdraw his unexhausted claims, thus his petition for writ of habeas corpus still contains both exhausted and unexhausted claims. As previously explained to Petitioner, such a petition must be dismissed. See, Rose v. Lundy, 455 U.S. 509, 521-22, 102 S.Ct. at 1205. Accordingly, IT IS HEREBY RECOMMENDED that this petition be DISMISSED as a mixed petition containing both exhausted and unexhausted claims, and that the Clerk of the Court be instructed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **March 2, 2007**         /s/  **William M. Wunderlich**
mmkd34                              UNITED STATES MAGISTRATE JUDGE